# United States Court of Appeals for the Fifth Circuit

---

No. 23-60534
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jimmie Terrell Harrison,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-98-1

---

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Jimmie Terrell Harrison, federal prisoner # 20912-043, appeals the district court's denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Harrison is currently serving a 240-month below-guidelines sentence for his 2019 conviction of possession with intent to distribute more than 50 grams of methamphetamine.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

On appeal, Harrison argues that the district court erred in determining that his medical conditions did not constitute extraordinary and compelling reasons warranting compassionate release, especially because the district court failed to consider the progressive deterioration of his health and erroneously believed that he had alleged an increased COVID-19 risk. He also contends that the district court erred in failing to consider whether the disparate treatment of defendants whose crimes involve "actual methamphetamine" versus those whose crimes involved "methamphetamine" constituted an extraordinary and compelling reason for compassionate release. As to the 18 U.S.C. § 3553(a) factors, Harrison contends that the nature, circumstances, and seriousness of the offense, as well as the need for deterrence, to protect the public, to effectively provide health care, and to provide just punishment for the offense, weigh in his favor.

The record reflects that the district court explicitly considered the relevant § 3553(a) factors, including the need for the sentence to (i) reflect the seriousness of the offense; (ii) promote respect for the law; (iii) provide just punishment; (iv) afford adequate deterrence; and (v) protect the public from Harrison's further crimes. *See* § 3553(a)(2)(A)-(C). Harrison's disagreement with the district court's weighing of the § 3553(a) factors is insufficient to show an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). Because the district court did not abuse its discretion in determining that relief was not warranted under the § 3553(a) factors, we need not consider his arguments regarding extraordinary and compelling reasons. *See United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693-94.

In light of the foregoing, the district court's decision is AFFIRMED.